UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBRA HERRINGTON, *et al.*, | ) |
|     *Plaintiffs*, | ) |
| | ) |
|     *vs.* | )   1:09-cv-00273-JMS-LJM |
| | ) |
| CITY OF GREENWOOD, *et al.*, | ) |
|     *Defendants.* | ) |
| | ) |

### ORDER

Presently before the Court is Defendants' Verified Petition for Attorney Fees and Relief from Fed. R. Civ. Pro. 54(d)(2)(B) and Local Rule 54.1 Procedural Mandates (the "Motion"). [Dkt. 53.]

The Court finds excusable neglect for the failure of Defendants John Price, Tom Kite, Troy DeHart, and the Board of Commissioners of Johnson County (collectively the "Board of Commissioners") to file their present request for attorney's fees within the fourteen days after judgment contemplated by Federal Rule of Civil Procedure 54(d)(2)(B) and Local Rule 54.1. They failed to receive actual electronic notice of the Court's judgment until the fourteen-day window had already passed. But by independently checking the Court's docket, they discovered the entry of judgment within thirty days of its issuance and, within fourteen days later, had filed the present Motion, demonstrating their diligence in this matter. Under Federal Rule of Civil Procedure 6(b), the Court will, therefore, belatedly extend the time for filing a petition for attorney's fees through and including the date of the Motion.

On the merits, however, the Motion must be denied. While a prevailing plaintiff in a civil rights case can recover attorney's fees "almost as a matter of course," a prevailing defendant can only recover attorney's fees in limited circumstances, lest the fear of a crushing

fee award discourage victims of civil rights litigation from seeking judicial redress. *Bisciglia v. Kenosha Unified Sch. Dist. No. 1*, 45 F.3d 223, 227 (7th Cir. 1995) (quotation omitted). To recover attorney's fees under 42 U.S.C. § 1988(b), "a prevailing defendant must demonstrate that the plaintiff brought his action in subjective bad faith, or that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Bisciglia*, 45 F.3d at 227-28 (quotation and citation omitted). Here, the affidavit that Plaintiffs' counsel has tendered indicates that he included the Board of Commissioners in this action because of an impending expiration of the statute of limitations, erring on the side of over inclusion. [Dkt. 57-2 ¶¶7-8.] It also indicates that he would have voluntarily dismissed the Board of Commissioners had Defendant City of Greenwood timely responded to discovery requests designed to determine the role, if any, of the Board of Commissioners in the events at issue, requests which were not answered until Court order. [*Id.* ¶6.] Inasmuch as the Board of Commissioners hasn't contested those mitigating factors through a reply brief, the Court accepts them, and finds that Plaintiffs acted reasonably and in good faith.

The Motion is, therefore, **GRANTED** in part, to the extent that it seeks leave to file a belated request for attorney's fees, but **DENIED** to the extent that it seeks a fee award under 42 U.S.C. § 1988(b).

01/12/2010

                                                   Jane Magnus-Stinson
                                                   United States Magistrate Judge
                                                   Southern District of Indiana

**Distribution via ECF only:**

Aimee Rivera Cole
SMITH FISHER MAAS & HOWARD
arivera@smithfisher.com

- 3 -

Loren Jay Comstock
lorenjcomstock1@yahoo.com

Kimberly E. Howard
SMITH FISHER MAAS & HOWARD, P.C.
khoward@smithfisher.com

Daniel Joseph Layden
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
dlayden@wbwlawyers.com

Michael Edward Morken
mmorken@hotmail.com

- 3 -